# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

DOSTON KARIMOV,                          )
                                         )
          Petitioner,                    )
                                         )
v.                                       )          Case No. CIV-26-305-PRW
                                         )
SCARLET GRANT, *et al.*,                 )
                                         )
          Respondents.                   )

## <u>ORDER</u>

Before the Court is Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) This matter has been fully briefed and is now ripe for decision. For the reasons that follow, the Petition (Dkt. 1) is **DENIED**.

## *Background*

This is a habeas claim, filed pursuant to 28 U.S.C. § 2241(c)(3).[1] Petitioner illegally entered the United States on or around October 2023, without first being inspected or admitted.[2] Petitioner represents that his residency in the United States has continued uninterrupted for approximately two-and-a-half years.[3] On February 12, 2026, Petitioner was arrest by ICE and put into removal proceedings pursuant to 8 U.S.C. § 1229a.[4] Respondents have detained Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A) because he

---

[1] "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004).

[2] Pet. (Dkt. 1), at 2.

[3] *Id.*

[4] Resp. (Dkt. 9), at 2–3.

entered the country without inspection.[5] Petitioner, however, believes he is detained pursuant to 8 U.S.C. § 1226(a), which doesn't require detention and permits bond when detention occurs. He requests that he be released.

### *Analysis*

**I.    Petitioner is an "applicant for admission."**

For the reasons given in the Court's Order in *Sosa v. Holt,* the Court finds that it has subject matter jurisdiction.[6] Further, the Court finds that, because Petitioner entered the United States without admission or inspection, he is properly detained pursuant to 8 U.S.C. § 1225(b)(2).[7]

**II.    Petitioner has failed to show a due process violation.**

Petitioner has been in ICE custody since February 12, 2026.[8] As in *Zhang v. Grant,* the Court finds Petitioner's due process claim is premature.[9] A six-month detention period is presumptively constitutional before the government must release a removable alien who shows "that there is no significant likelihood of removal in the reasonably foreseeable

---

[5] *Id.* at 8.

[6] *See Sosa v. Holt, et al.*, Case No. CIV-25-1257-PRW, Dkt. 12, at 3–6 (W.D. Okla. Jan. 6, 2026).

[7] *See Id.* at 6–12 for the Court's analysis interpreting the meaning of "applicant for admission."

[8] Pet. (Dkt. 1), at 9.

[9] *See Zhang v. Grant, et al.*, Case No. CIV-25-1301-PRW, Dkt. 19, at 6–7 (W.D. Okla. Feb. 3, 2026).

future[.]"[10] Accordingly, Petitioner's due process claim does not ripen until August 12, 2026.

### *Conclusion*

For these reasons, the Court **DENIES** the Petition (Dkt.1). A separate judgment will follow.

**IT IS SO ORDERED** this 21st day of April 2026.

_____

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[10] *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

3